NOT FOR PUBLICATION WITHOUT THE
 APPROVAL OF THE APPELLATE DIVISION
 This opinion shall not "constitute precedent or be binding upon any court."
 Although it is posted on the internet, this opinion is binding only on the
 parties in the case and its use in other cases is limited. R. 1:36-3.

 SUPERIOR COURT OF NEW JERSEY
 APPELLATE DIVISION
 DOCKET NO. A-4957-15T2

STATE OF NEW JERSEY,

 Plaintiff-Respondent,

v.

DONALD A. ALLEN,

 Defendant-Appellant.
___________________________

 Submitted September 19, 2017 – Decided October 11, 2017

 Before Judges Reisner and Gilson.

 On appeal from Superior Court of New Jersey,
 Law Division, Essex County, Indictment No.
 03-08-0041.

 Donald A. Allen, appellant pro se.

 Christopher S. Porrino, Attorney General,
 attorney for respondent (Arielle E. Katz,
 Deputy Attorney General, of counsel and on the
 brief).

PER CURIAM

 Defendant Donald A. Allen appeals from a March 17, 2016 order

denying his motion to withdraw his guilty plea. We affirm because

defendant failed to show any basis for his requested relief.
 I.

 In August 2003, defendant was indicted for first-degree

distribution of marijuana, N.J.S.A. 2C:35-5(a)(1), N.J.S.A. 2C:35-

5(b)(10)(a), N.J.S.A. 2C:35-5(c), and N.J.S.A. 2C:2-6, and second-

degree conspiracy to distribute marijuana, N.J.S.A. 2C:5-2,

N.J.S.A. 2C:35-5(a)(1), N.J.S.A. 2C:35-5(b)(10)(a), and N.J.S.A.

2C:35-10(a)(3). While those charges were pending, deportation

proceedings were initiated against defendant, who is a Jamaican

citizen, after he was convicted of violating probation in New York

for separate charges.

 Thereafter, on May 1, 2006, defendant pled guilty to first-

degree distribution of marijuana. In the negotiated plea

agreement, the State agreed to recommend a sentence of ten years

in prison with thirty-six months of parole ineligibility.

 On June 1, 2006, defendant was deported before he was

sentenced. Accordingly, when defendant failed to appear for

sentencing in July 2006, a bench warrant issued for his arrest.

 In 2009, defendant re-entered this country illegally.

Eventually he was arrested and convicted of other crimes in

Arizona. After serving his sentence in Arizona, defendant was

extradited to New Jersey in 2012. On October 3, 2012, defendant

was sentenced for his 2006 New Jersey conviction. In accordance

 2 A-4957-15T2
with the plea agreement, defendant was sentenced to ten years in

prison with thirty-six months of parole ineligibility.

 In December 2012, defendant, representing himself, filed a

motion to withdraw his guilty plea. Shortly thereafter, defendant,

again representing himself, filed a petition for post-conviction

relief (PCR). In his PCR petition, defendant alleged ineffective

assistance of counsel for failing to advise him of the possibility

of deportation, violations of due process for the delay in his

sentencing, and related issues.

 On May 5, 2014, the trial court denied defendant's PCR

petition. On appeal, we affirmed and the Supreme Court denied

certification. State v. Allen, Docket No. A-5472-13 (App. Div.

Apr. 20, 2015), certif. denied, 223 N.J. 283 (2015).

 On March 17, 2016, the trial court entered an order denying

defendant's motion to withdraw his guilty plea. In support of

that ruling, the trial court issued a comprehensive written

opinion.

 II.

 Defendant now appeals from the March 17, 2016 order denying

his motion to withdraw his guilty plea. Defendant makes two

arguments on appeal, which he articulates as follows:

 POINT I – TRIAL COUNSEL['S] ACTIONS [TO]
 UNDERMINE[] DEFENDANT[']S ATTEMPT TO RETRACT

 3 A-4957-15T2
 HIS PLEA DEPRIVED HIM OF THE EFFECTIVE
 ASSISTANCE OF COUNSEL.

 POINT II – THE TRIAL COURT WAS PREJUDICE AND
 ABUSED ITS DISCRETION IN DENYING THE
 DEFENDANT[']S MOTION IN VIOLATION OF HIS DUE
 PROCESS RIGHTS UNDER THE SPEEDY TRIAL ACT OF
 THE SIXTH AMENDMENT.

 Having reviewed the record, we conclude that all of

defendant's arguments are without sufficient merit to warrant

discussion in a written opinion. R. 2:11-3(e)(2). We add a few

additional comments.

 Defendant's arguments concerning the grounds for withdrawing

his guilty plea all relate to events that happened after he pled

guilty. In particular, defendant focuses on his deportation, the

delay in his sentencing, and the delay in the ruling on his motion

to withdraw his guilty plea. None of those contentions relate to

the factors that might support a withdrawal of a guilty plea. See

State v. Slater, 198 N.J. 145 (2009).

 Motions to withdraw guilty pleas after sentencing are subject

to the manifest injustice standard. R. 3:21-1. Courts evaluate

four factors in assessing whether defendant has demonstrated a

valid basis for withdrawing a guilty plea. Slater, supra, 198

N.J. at 157-58. Those factors are (1) whether defendant has

asserted a colorable claim of innocence; (2) the nature and

strength of defendant's reasons for withdrawal; (3) the existence

 4 A-4957-15T2
of a plea bargain; and (4) whether the withdrawal would result in

unfair prejudice to the State or unfair advantage to the accused.

Ibid. Here, defendant has not established any of the Slater

factors.

 In short, defendant has not asserted a colorable claim of

innocence; he has not set forth valid reasons for withdrawing his

guilty plea; there was a valid and negotiated plea agreement; and

a withdrawal at this late date would result in unfair prejudice

to the State.

 Defendant also argues that his trial counsel was ineffective

in not supporting his motion to withdraw his guilty plea prior to

his sentence in October 2012. This argument is flawed for two

reasons. First, defendant should have raised this argument in his

first PCR petition, and he is now barred from making the argument

belatedly. R. 3:22-4(b). Second, even if we were to consider

defendant's argument on its merits, he has not shown a prima facie

case of ineffective assistance of counsel. As we have already

reviewed, defendant has not satisfied the standard for withdrawing

a guilty plea and, therefore, he cannot show prejudice. See

Strickland v. Washington, 466 U.S. 668, 687, 104 S. Ct. 2052,

2064, 80 L. Ed. 2d 674, 693 (1984) (to establish a claim of

ineffective assistance of counsel, defendant must show that

counsel rendered inadequate representation and that the deficient

 5 A-4957-15T2
performance caused defendant prejudice). State v. DiFrisco, 137

N.J. 434, 457 (1994) (holding that a defendant must show a

reasonable probability that, but for counsel's alleged error,

defendant would not have pled guilty), cert. denied, 516 U.S.

1129, 116 S. Ct. 949, 113 L. Ed. 2d 873 (1996).

 Affirmed.

 6 A-4957-15T2